FILED

MAR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE LUIS SAMANIEGO-LARA,

Defendant - Appellant.

No. 09-10208

D.C. No. 2:09-CR-00021-FJM-1

MEMORANDUM *

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted March 9, 2010
San Francisco, California

Before: REINHARDT and BYBEE, Circuit Judges, and SELNA, ** District Judge.

Jose Luis Samaniego-Lara ("Samaniego") appeals his jury-trial conviction

for illegal re-entry after deportation in violation of 8 U.S.C. § 1326. We affirm.

Although Samaniego raises an important and novel issue regarding the practice of

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

questioning arrestees about potential criminal immigration violations without first providing *Miranda* warnings, we conclude that he failed to preserve the *Miranda* issue in this case, and that we should not exercise our discretion to review the district court's decision on the merits. We agree with the district judge, however, that the issue raised here is the type that should be decided on a full record, which may best be developed at a pre-trial hearing, especially in light of the testimony of an official witness that the practice is routine and continuing in the Maricopa County Jail.

I.

Samaniego first asserts that he was tried under a defective indictment. He contends that the indictment was duplicitous because it charged him with both "enter[ing]" and being "found" in the United States "[o]n or about November 6, 2008."

"[Section] 1326 sets forth three distinct offenses: 'enter,' 'attempt to enter,' and 'found in.'" *United States v. Pacheco-Medina*, 212 F.3d 1162, 1165 (9th Cir. 2000). Assuming that charging both "entering" and "being found" in one count rendered the indictment duplicitous, the problem was cured by the government's election to proceed only on the "found in" charge. *United States v. Ramirez-*

*Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007). The government's election did not substantively change the "found in" charge alleged in the indictment, nor did it prejudice Samaniego. *See United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985).

Samaniego also argues that the indictment was defective because it did not allege that he entered the United States voluntarily. Voluntary and knowing entry into the United States is an element of the "found in" offense. *See United States v. Salazar-Gonzalez*, 458 F.3d 851, 857 (9th Cir. 2006). However, knowledge and voluntariness "can be inferred from the fact of the defendant's presence in the United States and need not be expressly pled in an indictment." *Id.* at 855.

## II.

Samaniego next contends that the evidence at trial was insufficient to sustain his conviction because the government failed to prove that he *entered* the United States on or about November 8, 2008. As explained above, the trial proceeded on a "found in" theory. The information in the indictment regarding the date of entry was unnecessary to the allegation of the "found in" offense proved at trial. As such, it was "surplusage" that could properly be deleted by election. *See Aguilar*,

756 F.2d at 1423. The evidence as to entry that served to sustain his conviction was provided in the statements Samaniego made at the jail; they were sufficient for that purpose.

## III.

Finally, Samaniego argues that the district court erred in denying his motion to suppress the statements that he made to a Maricopa County Sheriff's Officer. Because we conclude that Samaniego failed to timely file a motion to suppress his statements, we decline to resolve the *Miranda* issue---which is an open question in our circuit---at this time. *See United States v. Chen*, 439 F.3d 1037 (9th Cir. 2006) (holding that *Miranda* warnings were required before in-custody questioning about immigration status), *distinguishing United States v. Salgado*, 292 F.3d 1169 (9th Cir. 2002) (holding that, under the circumstances present in that case, *Miranda* warnings were not required before in-custody questioning about immigration status).

Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a motion to suppress evidence must be made before trial. Failure to submit a timely motion constitutes a waiver. Fed. R. Crim. P. 12(e). Samaniego did not file a timely motion to suppress despite the government's timely disclosure of his statements to

Officer Najera and of its intention to introduce them at trial.[1]  Rather, his first objection was made orally, during trial, in the middle of Officer Najera's testimony.  At that point, the district court denied the motion as untimely.  Although later, upon defense counsel's renewed objection, the court reached the merits of the suppression issue, it stressed that it was "greatly handicap[ped]" by counsel's failure to file a pre-trial suppression motion, and that, had counsel filed such a motion, the court would have held a hearing and considered at greater length the "interesting" questions raised, which it had not encountered previously.  The court then denied the motion on the merits, while reiterating that it had been waived.

We have held that "[w]hen a [district] court rules on the merits of an untimely suppression motion, it implicitly concludes that there is adequate cause to grant relief from a waiver of the right to seek suppression."  *United States v. Vasquez*, 858 F.2d 1387, 1389 (9th Cir. 1988).  Here, however, the court stressed when giving its ruling on the merits that defense counsel's untimeliness constituted an independent ground for its denial.  Moreover, we, like the district court, are

_____

[1]Samaniego argues that the government's notice was insufficient because it failed to point out that Officer Najera had not provided *Miranda* warnings.  However, the government was obligated to disclose only the statement and its intent to admit it.  It was not required to point out specifically to defense counsel that the statement was un-warned.

handicapped by the limited record regarding the circumstances of the questioning. We therefore decline to exercise our discretion to consider the merits of the *Miranda* issue and affirm the district court's denial of Samaniego's motion to suppress on the ground of timeliness.

**AFFIRMED**.